10659

CARROLL *ET AL. v.* BURNS *ET AL.*

(107 S. E. 913)

BASTARDS—ILLEGITIMATE CHILD CANNOT INHERIT THROUGH MOTHER.—
While Civ. Code 1912, § 3562, declares that any illegitimate child whose mother shall die intestate possessed of property shall, so far as such property is concerned, be an heir at law, an illegitimate child, whose mother died prior to the death of the mother's sister, is not entitled to share in the estate of the sister; the mother owning no property at the time of her death, and the illegitimate child not being able to trace descent through its mother.

Before DEVORE, J., Greenville, November, 1920. Af-firmed.

Action for partition by Margaret Carroll and others against Thomas Burns as Administrator and others and Mrs.

Willie Wood.    From a judgment denying the right of the defendant, Mrs. Willie Wood, to share, said defendant appeals.

*Messrs. Cothran, Dean & Wyche,* for appellant, cite: *Heir may transmit through heritable blood to his heirs, property which he would have inherited if alive.*: 99 S. C. 276.  *Illegitimate child can inherit share of her predeceased mother*: 1 Civ. Code 1912, Sec. 3555; Ann. Cas. 1914 O, 574 (Md.).; 58 L. R. A., 451, (Md.); 58 S. W., 284 (Tenn.); 41 S. W., 650; 75 So. 140 (Miss.); 105 S. W., 348 (Tex.); 4 Ired., 480 (N. C.); 41 Ia., 650.

*Messrs. H. P. Burbage, A. P. DuBose and Bonham & Price,* for respondents, cite:  *Claim is under Sec.* 3562, 1 Civ. Code, 1912.  *Where language of Statute is plain it must be construed as written*: 13 S. C. 46; 99 S. C. 218. *Act makes illegitimate child heir to property of which mother was "seized and possessed:"* 99 S. C. 283.  *Statutes in other States are broader than here*:  27 A. & E. Enc. Law 328; 5 Cyc. 641; 3 R. C. L. 775; Ann. Cas. 1914D, 580; 39 Am. Rep. 246.  *Cases similar to the case here*: Ann. Cas. 1914D 580, 56 Atl. 745; 31 254; 136 N. Y. St. 325; 26 L. R. A. 746; 85 S. C. 504.

June 30, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for partition, and involves the construction of Section 3562, Code of Laws 1912, which is as follows:

"Any illegitimate child or children, whose mother shall die intestate, possessed of any real or. personal property, shall be, so far as said property is concerned, an heir or heirs at law as to such pr perty, notwithstanding any law or usage to the contrary.'

The following facts are admitted: One Bettie T. Gibbons, a resident of the city of Greenville, died intestate on February 17, 1920, seized and possessed of quite a large estate, real and personal. She left no husband and no children surviving her, and no brothers or sisters. Two of her sisters, Mary Burns and Emma Petty, predeceased her. Mary Burns left surviving her children as follows: The plaintiffs, Margaret Carroll, Hattie Freeman, Pink Burns, Thomas Burns, and Lee Burns, and the defendant Emma Belding, all legitimate children. The other sister of Bettie Gibbons, Emma Petty, left surviving her one child, the defendant Willie Wood, wife of J. H. Wood. It is admitted for the purposes of this case that this daughter of Emma Petty, Willie Wood, is an illegitimate.

The contest is between the legitimate children of one predeceased sister, and an illegitimate child of another predeceased sister of the intestate. His Honor the Circuit Judge ruled that the defendant Willie Wood had no rights in the premises, by reason of the fact that she was illegitimate, and she appealed.

The appellant's attorneys in their argument say:

"The controlling question is whether or not the interest which Emma Petty, the mother of the illegitimate, had in the estate of her sister descended upon her (Emma Petty's) death, and later upon the death of the intestate, to her illegitimate daughter, the statute explicitly makes the illegitimate an heir of the mother, and if she became the heir of her mother's expectant interest, the question is solved."

The foregoing section provides that an illegitimate child may become an heir of his or her mother, and prescribes the conditions upon which the illegitimate child shall have the right of inheritance: (1) The mother shall die intestate; (2) she shall be possessed of the real or personal property which the illegitimate child seeks to inherit; and (3) the illegitimate child shall be an heir only as to such property as was possessed by the mother, and of which she

died intestate.    At the time Emma Petty died, she was not possessed of the property which her daughter is now seeking to inherit.    She cannot therefore be considered as an heir of her mother as to such property.

Appeal dismissed.

MR. JUSTICE COTHRAN disqualified, having been of counsel in the case.